# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-40247
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE HERNANDEZ LOPEZ, also known as Julio Angulo, also known as Julio Franco Mendoza,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-866-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Hernandez Lopez (Hernandez-Lopez) appeals the 77-month sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326. He contends that his within-guidelines sentence is procedurally unreasonable because the district court failed adequately to explain the sentence and to address his nonfrivolous arguments for a lower sentence. Because Hernandez-Lopez did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

object to the adequacy of the district court's explanation for the sentence imposed, this court reviews for plain error.[1]

Even if the district court committed obvious error, Hernandez-Lopez is not entitled to relief because he cannot satisfy the third prong of plain-error review. Specifically, he has not described – much less proved – how a better explanation would have changed his 77-month sentence.[2] Therefore, Hernandez-Lopez has not shown that the district court reversibly erred by failing adequately to explain the sentence and to address his nonfrivolous arguments for a lower sentence.

Hernandez-Lopez also contends that the district court committed procedural error by failing to consider the § 3553(a) factors, including his decade-long history of drug abuse and his need for drug treatment. Because he failed to object to this alleged procedural error in the district court, this court reviews for plain error.[3] Although Hernandez-Lopez did not raise these mitigation arguments before the district court, the court did note that it had considered the § 3553(a) factors. Further, Hernandez-Lopez's history of drug abuse was documented in the presentence report, which the district court adopted. Because the district court imposed a discretionary sentence within the properly calculated guideline range, this court infers that the district court considered all of the § 3553(a) factors.[4] Therefore, Hernandez-Lopez has failed to show that the district court committed a significant procedural error.

Finally, Hernandez-Lopez contends that his sentence was greater than necessary to accomplish the sentencing goals set forth in § 3553(a), and was

---

[1]*See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

[2]*See id.* at 365 ("[T]o show substantial prejudice, the defendant must prove that the error affected the sentencing outcome.").

[3]*See id.* at 361.

[4]*See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

therefore substantively unreasonable. Specifically, he argues that the prior offense generating the 16-level increase was committed nearly 14 years before the offense in this case and was comparatively minor because it involved the delivery of three rocks of cocaine to an undercover officer for $60. He also argues that because his prior drug trafficking offenses occurred during a time when he was abusing illegal drugs, it was unfair to subject him to the full rigors of a guideline range that would apply to a non-user with the same conviction record. Further, Hernandez-Lopez argues that his prior illegal reentry conviction had a disproportionate effect on his sentence because it accounted for six of his twelve criminal history points and was the genesis of his consecutive 21-month supervised release revocation sentence.

This court generally reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[5] Hernandez-Lopez, though, did not object to the length of his sentence, so here we review for plain error.[6] Regardless, Hernandez-Lopez's argument fails under either standard of review.

The district court considered Hernandez-Lopez's requests for downward departure and variance, and it ultimately determined that a sentence at the bottom of the applicable guideline range was appropriate based on the circumstances of the case and the § 3553(a) factors. Hernandez-Lopez's assertions are insufficient to rebut the presumption of reasonableness.[7] Therefore, Hernandez-Lopez has failed to show that his sentence was substantively unreasonable.

AFFIRMED.

---

[5]*Gall v. United States*, 552 U.S. 38, 51 (2007).

[6]*See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

[7]*See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).